LINDA TIRELLI, ESQ
OF COUNSEL TO DAVID J. BABEL, PC
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

**IN THE MATTER OF**

**CHAPTER 13**

**DAISY LABORDE,**
                    **DEBTOR**

**CASE NO: 09- 24191(RDD)**

**OBJECTION TO PROOF OF CLAIM #6-1 FILED BY Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 AND REQUEST FOR ACCOUNTING**

-------------------------------------------------------------------X

**OBJECTION TO PROOF OF CLAIM #6-1 FILED BY HOME LOAN SERVICES, INC.
AND
REQUEST FOR ACCOUNTING**

**COME NOW** the above-named debtor, Ms. Daisy Laborde, by and through her attorney of record, Linda M. Tirelli, Esq, Of Counsel to Law Offices of David J. Babel, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim filed in this case by the above named creditor and in support hereof respectfully show unto the Court the following:

1. This case was commenced by the filing of a petition with the Clerk of this court on or about November 23, 2009.

2. The Debtor, Ms. Daisy Laborde, together with Mr. Robert Houghton, is a joint owner of real estate located at 532 Rochester Loop, Davenport Florida 33892.

**3.** The Debtor listed a debt and named Nationspoint Loan Servings as a secured creditor on Schedule D of her petition. A copy of Debtor's Schedule "D" is attached hereto as **Exhibit "A."**

**4.** On or about December 29, 2009 a purported creditor, "Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12" filed a proof of claim identified on the court's ECF system as Claim #6-1. A copy of the Proof of Claim #6-1 is attached hereto as **Exhibit "B."**

5. The 341(a) meeting of creditors was held in White Plains, New York on January 15, 2010.

6. The Chapter 13 plan is scheduled for confirmation hearing on February 17, 2010.

## I. FACTUAL ALLEGATIONS

7. Proof of Claim #6-1 as filed by, "Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12" (hereinafter "HLS") purports that the debtor owes HLS the total sum of $239,201.67 on a secured claim, with a purported arrearage owing of $17,370.16.

Attached to the proof of claim are the following documents:

A. Official form 10, executed by "Randa Simmons, Esq." ;

B. A single page itemization, untitled;

C. A 4 page document entitled "Adjustable Rate Note" dated September 28, 2005 identifying the named lender, "First Franklin A Division of Nat. City Bank of IN";

D. A 1 page document entitled "Prepayment Note Addendum" dated September 28, 2005 identifying the named lender, "First Franklin A Division of Nat. City Bank of IN";

E. A 3 page document entitled "Interest Only Payment Period Note Addendum" dated September 28, 2005 identifying the named lender, "First Franklin A Division of Nat. City Bank of IN";

F. An 11 page document with an attached 1 page "Exhibit A" (property description)dated September 28, 2005 entitled, "Mortgage" identifying and naming the following parties:

   a. Robert Houghton and Daisy Laborde as Joint Tenants with Right of Survivorship, "**Borrowers**";

   b. First Franklin A Division of Nat. City Bank of IN, "**Lender**"

G. A 2 page document entitled "Planned Unit Development Rider" dated September 28, 2005 identifying the  named lender, "First Franklin A Division of Nat. City Bank of IN";

H. A 1 page document entitled "Prepayment Rider" dated September 28, 2005 identifying the  named lender, "First Franklin A Division of Nat. City Bank of IN";

I. A 3 page document entitled "Adjustable Rate Rider" dated September 28, 2005 identifying the  named lender, "First Franklin A Division of Nat. City Bank of IN";

J. A 2 page document entitled "Assignment of Mortgage" with an attached 1 page "Exhibit A" (property description), a purported post-petition Assignment of Mortgage dated as follows, "Signed December 9, 2009 but Effective December 1, 2005" signed by "Bryan G. Kusich, Vice President of First Franklin a Division of National City Bank of IN" and notarized by "Karen Duddy" in the County of Allegheny, State of Pennsylvania, and  indicates the following parties:

   a. **Assignor**: First Franklin A Division of National City Bank of IN ; and

   b. **Assignee**:  "Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12"

The Notary's acknowledgement at the bottom of the second page of the Assignment of Mortgage reads as follows :

"On December 9, 2009 before the undersigned, Karen Duddy a Notary Public in and for said County and State, on this day personally appeared, ***Bryan Kusich, Vice president of F,*** known to be the person and officer whose name is

subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by *her* signature on the instrument the person, or entity upon behalf of which the person acted executed the instrument." (sic) (Emphasis added)

8.      A copy of the purported "Assignment of Mortgage" is attached hereto as

**Exhibit "C."**

### II.  LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION

### AND FRAUD ON THE COURT

**A.   "First Franklin A Division of Nat. City Bank of IN"  Was an Inactive Institution and Did Not Exist on the Date of Execution of the Purported Assignment of Mortgage**

9.   The Debtor avers that the proof of claim is signed by a "Randa Simmons, Esq."

on December 15, 2009, without providing any supporting documentation to

suggest her authorization to do so, in violation of B.R. Rule 3001 (b) and the

plain language instructions as printed on the Official Form 10.  According to

appearances filed in the instant case, Attorney Randa Simmons is believed to be

an associate lawyer with the firm, Steven J. Baum, PC, counsel to the creditor.

Attorney Simmons by signing the Official Form 10 implicates her status as

witness to the truth and accuracy of the assertions made in the proof of claim as

well as the authenticity of the documents presented in support of the same.

**10.** The Debtor avers that the purported "Assignment of Mortgage" is signed by

"Bryan G. Kusich" as "Vice President of  First Franklin A Division of Nat. City Bank

of IN " on December 9, 2009, without any supporting documentation to

substantiate his authorization to do so.

11. The Debtor further avers that the assignment presented in this case is of

fraudulent nature and questionable origin.  Specifically, "Bryan G. Kusich" is not

an appropriate party to sign and/or authorize such assignments on behalf of the

purported Assignor "First Franklin A Division of Nat. City Bank of IN." In fact, said purported Assignor was not a viable entity on the date said assignment was executed.

12.  The Debtor calls the Court's attention to fact that the purported assignment is transferring an asset of "First Franklin A Division of Nat. City Bank of IN" an entity which ceased to exist as of July 22, 2006, as per the public information available online as published by the FDIC.  The FDIC assigned the Certificate # 4347 to the National City Bank of Indiana. The FDIC demographic information concerning "National City Bank of Indiana" bearing FDIC Certificate #4347 lists the institution as "inactive as of July 22, 2006." a copy of which is attached hereto as **Exhibit "D"** and can be found online at the official government website www.FDIC.gov at the web page http://www2.fdic.gov/idasp/main.asp Further attached as **Exhibit "E"** is the official history of the National City Bank of Indiana as documented by the FDIC and can also be found online at the official government website www.FDIC.gov at the web page http://www2.fdic.gov/idasp/main.asp .


13. According to the FDIC History log of National City Bank of Indiana, the entity merged into and subsequently operated as part of the entity known as "National City Bank" (FDIC Certificate #6557) on July 22, 2006.  On November 6, 2009 National City Bank was identified as an inactive institution by the FDIC when it merged and subsequently operated as part of "PNC Bank, National Association" (FDIC Certificate #6384)  A copy of supporting documents also available to the public from the FDIC official website showing the history and status of National City Bank and PNC Bank, National Association are attached hereto as **Exhibit "F"**

14. The Court should also know that Bryan Kusich, the signor of the Assignment of Mortgage, is actually an employee of the creditor, Home Loan Services, Inc. and is specifically identified as a Vice President of Home Loan Services, Inc. in documents questioned by the Hon. Judge Authur Schack in an unrelated mortgage foreclosure case decided only a year ago on February 10, 2009 in the Supreme Court, Kings County, New York.  WELLS FARGO BANK, N.A., as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass-through Certificates, Series 2006-FF15, Plaintiff, v. Sem M. SAINT AUBIN, et. al., Defendants. Index No. 37401/07, Feb. 10, 2009. (copy attached)

15. The Court may take judicial notice that Mr. Kusich also executed another purported Assignment of Mortgage (hereinafter "Second Kusich Assignment") in the instant case which is attached to Proof of Claim 12-1 filed on January 29, 2010 in the instant case.  The Second Kusich Assignment was signed on December 9, 2009 – the same exact date Mr. Kusich signed the Assignment of Mortgage at issue in Proof of Claim 6-1.  Both Assignments of Mortgage were notarized by the same Notary Public, Ms. Karen Duddy.
    Mr. Kusich executed the Second Kusich Assignment as an officer of a different company, namely *Vice President of Home Loan Services Inc., Attorney –in-Fact for Nationspoint a Division of National City Bank of IN."*  A copy of proof of claim 12-1 and the Second Kusich Assignment of Mortgage are attached hereto as **Exhibit G and Exhibit H**, respectively.

16. As aforesaid, Mr. Kusich's signature on the Assignment of Mortgage in the instant Proof of Claim 6-1 was notarized by Ms. Karen Duddy.  According to the records maintained by the Pennsylvania Association of Notaries ("PAN") Phone (800)944-

8790, Ms. Karen Duddy is a commissioned notary public assigned a commission identification number of 1042921 by the State of Pennsylvania. PAN's records further confirm that Ms. Karen Duddy also lists a business address as 150 Allegheny Center Mall, Pittsburgh, PA 15212 and a business telephone number of (412)918-7578. The court may take judicial notice that Ms. Duddy's business address is the identical address of the purported creditor as indicated on Official Form 10 of Proof of Claim 6-1. Ms. Duddy's telephone number on file with PAN is a direct line to the "Documentation Department" of the purported creditor, HLS.

17. The Debtor avers that Notary Public Karen Duddy knew or should have known Bryan G. Kusich to be a fellow employee / co-worker of Home Loan Servicing, Inc. and that Bryan G. Kusich is not an officer of the company he purported to be when she notarized Mr. Kusich's signature to the Assignment of Mortgage presented with the Proof of Claim 6-1. Ms. Duddy knew or should have known Mr. Kusich was purporting to be an officer of two different companies on the same date.

18. The Debtor hereby avers the assignment of mortgage presented by HLS in the instant case, as attached to Proof of Claim #6-1 to be a fraudulent document presented by HLS and Attorney Randa Simmons of Steven J Baum, PC with the intention and purpose of misleading the Court and the Debtor.

**B.  The Assignment of Mortgage Violates the Provisions of the Securitized Trust 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12**

19. A Prospectus Supplement pertaining to the trust identified as 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12

7

was filed with the Security Exchange Commission ("SEC") and can be found on the official government website www.SEC.gov at the webpage http://sec.gov/Archives/edgar/data/809940/000095012306000137/y15539e424 b5.txt a copy of the prospectus supplement (herinafter "ProSupp") is attached hereto as **Exhibit "I."**

20. According to the ProSupp, filed under penalty of perjury with the SEC, the principal parties and key terms to the 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 (hereinafter "Trust") are as follows:

> **Originator**:  First Franklin, a division of National City Bank of Indiana, or its affiliate First Franklin Financial Corporation
>
> **Deposito**r:  Merrill Lynch Mortgage Investors, Inc., a Delaware corporation
>
> **Seller**:  Merrill Lynch Mortgage Lending, Inc., a Delaware corporation
>
> **Trustee**:  Citibank, N.A.
>
> **Closing Date**:  December 28, 2005
>
> **Cut-Off Date**:   December 1, 2005
>
> (see  ProSupp p. S-5)

21. According to the terms of the Pooling and Servicing Agreement as referenced by the Prosupp (see ProSupp p. 74 et seq.) the method by which the assets are acquired by the trust is as follows:

> *All of the Mortgage Loans were originated or acquired by the* **Originator** *and subsequently* **purchased by the Seller**. *(ProSupp at p. S-25)*
>
> *On the Closing Date, the Seller's rights under the various sale agreements will be assigned by the* **Seller to the Depositor** *and, in turn, by the* **Depositor to the Trustee for the benefit of holders of the Certificates**. *(see ProSupp p. S-74 et seq.)*

In other words, for an asset to be acquired by the Trust it must transfer between the specified parties in a specified order as follows:

**Originator (A) → Seller (B) → Depositor (C) → Trustee (D)**

22. The debtor avers that there is no provision in the Pooling and Servicing Agreement as described in the ProSupp permitting a direct assignment of an asset from an originator to the Trustee. (ie, A → D)

23. The debtor avers that here is no provision in the Pooling and Servicing Agreement as described in the ProSupp permitting the Trustee to accept an assignment of mortgage directly from an originator.

24. The debtor avers that there is no provision in the Pooling and Servicing Agreement as described in the ProSupp permitting the acquisition of an asset by way of a future assignment which has been made effective retroactively.

25. The Assignment of Mortgage submitted to this Court in the instant case fails to comply with and/or is otherwise inconsistent with the method of acquisition of pool assets mandated by the Pooling and Servicing Agreement as described by the ProSupp.

26. If the purported Assignment of Mortgage is to be believed, then an ownership interest in Debtor's loan was not properly perfected within the trust, and therefore, the debtor's loan is not an asset of the Trust and the creditor lacks standing to file a proof of claim.

27. The Debtor hereby avers the assignment of mortgage presented by HLS in the instant case, as attached to Proof of Claim #6-1 to be a fraudulent document

presented by HLS and Attorney Randa Simmons of Steven J Baum, PC with the intention and purpose of misleading the Court and the Debtor.

## III.  LEGAL ARGUMENT: ASSIGNMENT OF MORTGAGE IS VOIDABLE TRANSFER PURSUANT TO BANKRUPTCY CODE §549(s)(1)(B)

28. Section 549 of the U. S. Bankruptcy Code pertains to such transfers as described hereinabove and reads as follows:

    "(a) Except as provided in subsection  (b) and (c) of this section, the trustee may void a transfer of property of the estate……

    (1)That occurs after the commencement of the case; and …

    _____ (B) that is not authorized under this title or by the court."

29. The assignment of mortgage attached to the Proof of Claim #6-1, is dated December 9, 2009, well after the date of the commencement of this chapter 13 bankruptcy proceeding on November 23, 2009.

30. The assignment of mortgage is an attempt to perfect a lien after the commencement of the case and therefore is voidable by this Court.

31. The debtor avers that there can be no reason for the assignment of the mortgage to  other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## IV.   LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(4)

32. Section 362(a)(4) of the United States Bankruptcy Code reads as follows:

"(a)…..a petition filed under section 301, 302, and 303 of this title, ….operates as a stay, applicable to all entities, of…

           (4) any act to create, perfect, or enforce any liens against property of the estate;"

33.  The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the estate in violation of §362(a)(4) of the U. S. Bankruptcy Code.

34. There can be no reason for the "assignment" of the mortgage to Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## V.   LEGAL ARGUMENT: THE ASSIGNMENT OF MORTGAGE IS A VIOLATION OF BANKRUPTCY CODE SECTION 362 (a)(5)

35.    Section 362(a)(4) of the United States Bankruptcy Code reads as follows:

"(a)…..a petition filed under section 301, 302, and 303 of this title, ….operates as a stay, applicable to all entities, of…

           (4) any act to create, perfect, or enforce against property of the debtor any lien to the extent that lien secures a claim that arose before the commencement of the case under this title;"

36. The assignment of mortgage is an attempt to create, perfect or enforce a lien against property of the Debtor, based upon an alleged claim that arose before the commencement of this case and is therefore in violation of §362(a)(5) of the U.S. Bankruptcy Code.

37. There can be no reason for the "assignment" of the mortgage to Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 other than to perfect or attempt to perfect a claim in the residential real estate or to transfer property of the bankruptcy estate.

## VI.   LEGAL ARGUMENT: THE PROOF OF CLAIM DOES NOT PROVE A PERFECTED SECURITY INTEREST IN DEBTOR'S PROPERTY

38. HLS has failed to provide any documentation reflecting a valid security interest in Debtor's property.  The post-petition attempt to cure the deficiencies have been without authority, in violation of law and a fraud upon this Court.


39. As a direct and proximate result of the willful violations of the automatic stay, the Debtor is entitled to the recovery of actual and punitive damages from HLS as per §362(k)(1) of Title 11 of the United States Code.

40. As a direct and proximate result of the willful violations of the automatic stay, the Debtor is entitled to the recovery of actual and punitive damages from HLS as per §262(k)(1) of Title 11 of the United States Code.


## VII.   LEGAL ARGUMENT: THE PROOF OF CLAIM FAILS TO SUBSTANTIATE ITEMIZATION OF THE CLAIM

41. That the Proof of Claim includes a chart which describes alleged Arrearages owed as of 05/27/09 as follows:

TOTAL AMOUNT OF DEBT

| | | | |
|---|---|---|---|
| Principal Balance | | $ | 220,638.70 |
| Accrued Interest | Interest at 7.100% | | 10,530.63 |
| Accrued Late Charges | | | 463.69 |
| Foreclosure Attorney Fees | | | 910.00 |
| Foreclosure Attorney Costs | | | 1,330.00 |
| Escrow Advance | | | 5,121.15 |
| Property Inspections | | | 72.50 |
| Broker's Price Opinion | | | 135.00 |
| | | | |
| TOTAL | | $ | 239,201.67 |

PRE-PETITION ARREARS

| | | |
|---|---|---|
| 7   Payments at   $1,782.33 | | 12,476.31 |
| (May 1, 2009-November 1, 2009) | | |
| Accrued Late Charges | | 463.69 |
| Foreclosure Attorney Fees | | 910.00 |
| Foreclosure Attorney Costs | | 1,330.00 |
| Escrow Shortage | | 1,982.66 |
| Property Inspections | | 72.50 |
| Broker's Price Opinion | | 135.00 |
| | | |
| TOTAL | $ | 17,370.16 |

***This proof of claim is filed without waiving any and all rights the
   Secured Creditor may have under 11 U.S.C. Section 362, if applicable.

42. That the additional charges fail to indicate a unit charge and quantity and further fail

to provide a writing to substantiate each item as required by B.R. 3001(c).

Specifically, HLS fails to provide anything to substantiate any of the following:

| | |
|---|---|
| Accrued late charges | $463.69 |
| Foreclosure Attorney Fees | $910.00 |
| Foreclosure Attorney Costs | $1330.00 |
| Escrow Shortage | $1982.66 |
| Property Inspections | $72.50 |
| Broker's Price Options | $135.00 |

## VIII. <u>LEGAL ARGUMENT: THE POST-PETITION ASSIGNMENT, IF AUTHENTIC, GIVES RISE TO VIOLATION 15 U.S.C. 1641 (F) AND STATUTORY DAMAGES PURSUANT TO 15 U.S.C. 1640(A)</u>

43. Recent amendments to Section 404 of Public Law 111-22 reads in relevant part as follows:

SEC. 404. NOTIFICATION OF SALE OR TRANSFER OF MORTGAGE LOANS.

(a) IN GENERAL.—Section 131 of the Truth in Lending Act

(15 U.S.C. 1641) is amended by adding at the end the following:

''(g) NOTICE OF NEW CREDITOR.—

''(1) IN GENERAL.—In addition to other disclosures required

by this title, **not later than 30 days after the date on which**

**a mortgage loan is sold or otherwise transferred or assigned**

**to a third party, the creditor that is the new owner or assignee**

**of the debt shall notify the borrower in writing of such transfer**,

including—

''(A) the identity, address, telephone number of the

new creditor;

''(B) the date of transfer;

''(C) how to reach an agent or party having authority

to act on behalf of the new creditor;

''(D) the location of the place where transfer of ownership

of the debt is recorded; and

''(E) any other relevant information regarding the new

creditor.

''(2) DEFINITION.—As used in this subsection, the term

'mortgage loan' means any consumer credit transaction that

is secured by the principal dwelling of a consumer.''.

**(b) PRIVATE RIGHT OF ACTION.—Section 130(a) of the Truth**

**in Lending Act (15 U.S.C. 1640(a)) is amended by inserting ''subsection**

**(f) or (g) of section 131,'' after ''section 125,''. (Emphasis Added**)

44. 15 U.S.C. 1640(a) Civil Liabilities provides for damages to the debtor as follows:

(a) **Individual or class action for damages; amount of award; factors determining amount of award**
Except as otherwise provided in this section, any creditor who fails to comply with any requirement
imposed under this part, including any requirement under section 1635 of this title, or part D or E of this
subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)

(A) …

(iii) in the case of an individual action relating to a credit transaction not under
an open end credit plan that is secured by real property or a dwelling, not less than $400
or greater than $4,000…''

45. 15 U.S.C. 1640(a)(B)(3) further provides for additional damages including the costs of the action and reasonable attorneys fees, as determined by the Court.

46. The Assignment affixed to the Proof of Claim offered by HLS is dated December 9, 2009. The Debtor requests the Court to take judicial notice that the date of this instant pleading is February 4, 2010, which is well past the 30 days required for notice under §131 of the Truth in Lending Act.

47. As of the date of this pleading, the Debtor has received no notice of the purported December 9, 2009 assignment of her mortgage to HLS, despite HLS's mandatory obligation to provide such notice to the debtor.

48. To the extent the purported Assignment of Mortgage in the instant case is deemed a valid assignment and HLS is deemed the new assignee, the Debtor is entitled to collect up to $4000.00 in statutory damages, costs and an award of legal fees from HLS for the bringing of this Motion.

**WHEREFORE,** the debtors pray of the Court as follows:

A. That Proof of Claim #6-1 be expunged;

B. That Court direct the Chapter 13 Trustee to strike the proof of claim of Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12;

C. That Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 be precluded from filing any amended, modified or substitute claim in this case;

D. That Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12provide an accounting of all figures set forth in its proof of claim.

E. That the Debtor have and recover against Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 a sum to be determined by the Court in the form of actual damages;

F. That the Debtor have and recover against Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 a sum to be determined by the Court in the form of statutory damages;

G.      That the Debtor have and recover against Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 a sum to be determined by the Court for punitive damages;

H.      That the Debtor have and recover against Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 a sum to be determined by the Court all legal fees and expenses incurred by her attorney; and

I.       That the debtor have such other and further relief as the Court may deem just and proper.

This the 4th Day of February, 2010.

   /S/ Linda M. Tirelli        
Linda M. Tirelli, Esq.,
Law Offices of Linda M.Tirelli, PC
Of Counsel to David Babel, PC
Counsel for the Debtor
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI, ESQ
OF COUNSEL TO DAVID J. BABEL, PC
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

**IN THE MATTER OF**

**DAISY LABORDE,**
               **DEBTOR**

    **CHAPTER 13**
    **CASE NO: 09- 24191(RDD)**
**NOTICE OF**
**OBJECTION TO PROOF OF**
**CLAIM #6-1 FILED BY**
**Home Loan Services, Inc.**
**as Servicer for Citibank,**
**NA as Trustee for 1st**
**Franklin Mortgage Loan**
**Trust Mortgage Loan**
**Asset-Backed Certificates**
**Series 2005-FF12**

**AND REQUEST FOR**
**ACCOUNTING**

------------------------------------------------------------------X

_____
**NOTICE OF OBJECTION TO PROOF OF CLAIM #6-1**
**FILED BY: Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st**
**Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed**
**Certificates Series 2005-FF12**
**AND**
**REQUEST FOR ACCOUNTING**
**AND NOTICE OF OPPORTUNITY FOR HEARING**
_____

**(No-Protest Notice: No Hearing Will Be Held**
**Unless Request For Hearing Is Filed)**

TO: Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin
Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12

      **PLEASE TAKE NOTICE** that an Objection to Proof of Claim has been filed by the
debtor named above. A copy of the objection accompanies this notice.

      <u>**YOUR RIGHTS MAY BE AFFECTED**</u>. **YOU SHOULD READ THESE PAPERS
CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN**

**THIS BANKRUPTCY CASE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief requested by the debtors in their motion, or if you want the Court to consider your views on the motion, then on or before March 2, 2010 you or your attorney must do three (3) things:

1.  **File with the court a written response <u>requesting that the Court hold a hearing</u> and explaining your position.  File the response at:**

    United States Bankruptcy Court
    Southern District of New York
    300 Quarropas Street
    White Plains, NY 10601

    If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

2.  **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Linda M. Tirelli, Esq.,
Law Offices of Linda M.Tirelli, PC
Of Counsel to David Babel, PC
Counsel for Debtor
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

3.  **You must also attend the hearing scheduled for March 10, 2010 at 10:00 a.m.** in Courtroom Number ____ at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601.

    If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD** and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

    This the 4th Day of February 2010.

    ___/S/ Linda M. Tirelli_____
    Linda M. Tirelli, Esq.,
    Law Offices of Linda M.Tirelli, PC
    Of Counsel to David Babel, PC
    Counsel for Debtor
    202 Mamaroneck Avenue, 3rd Floor
    White Plains, NY 10601
    Phone: (914)946-0860 / Fax(914)946-0870

**CERTIFICATE OF SERVICE**

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

1.      I am not a party for the foregoing proceeding;
2.      I am not less than 18 years of age;
3.      I have this day served a copy of the foregoing **OBJECTION TO PROOF OF CLAIM, PROPOSED ORDER DISALLOWING CLAIM BY Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12**

**AND NOTICE OF OPPORTUNITY FOR HEARING** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Home Loan Servicing, Inc.
150 Allegheny Center Mall
Pittsburgh, PA 15212

**And via the Court's Electronic Case Filing System to:**

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

United States Department of Justice
Office of United States Trustee
Southern District of New York
Attn: Attorney Greg Zipes, UST
33 Whitehall Street, 21st Floor
New York, NY 10004

4.      To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;
5.      Service as outlined herein was made within the United States of America.

This the 4th Day of February, 2010.

   /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.,
Law Offices of Linda M.Tirelli, PC
Of Counsel to David Babel, PC
Counsel for Debtor
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
Phone: (914)946-0860 / Fax(914)946-0870

LINDA TIRELLI, ESQ
OF COUNSEL TO DAVID J. BABEL, PC
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

**IN THE MATTER OF**

**CHAPTER 13**

**DAISY LABORDE,**　　　　　　　　　　　　　　**CASE NO: 09- 24191(RDD)**
　　　　　　　**DEBTOR**　　　　　　　　　　　**ORDER**

------------------------------------------------------------------X

---

**PROPOSED ORDER DISALLOWING CLAIM FILED BY**
**Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st**
**Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates**
**Series 2005-FF12**

---

THIS CAUSE coming on to be heard, and being heard, before the undersigned Judge of the United States Bankruptcy Court for the Southern District of New York, pursuant to the objection to the claim of the creditor named above filed by the debtors; and

IT APPEARING to the undersigned that this court has jurisdiction over the parties and over the subject matter of this objection; and

IT FURTHER APPEARING  to the undersigned that all parties in interest received notice of this objection and of the time, date and place of this hearing and that no such parties have filed any timely objections or otherwise appeared in opposition to the said objection and that the time for filing any such objection has expired; and

IT FURTHER APPEARING to the undersigned that the relief requested by the debtor in her objection is consistent with the applicable provisions of Title 11 of the United States Code and that the debtors have established good and sufficient cause to grant said relief; and

IT FURTHER APPEARING to the undersigned that the objection of the debtors to the proof of claim of the above named creditor should be sustained; and

IT FURTHER APPEARING to the undersigned that the Chapter 13 Trustee should and is hereby directed to strike the claim of the said creditor; and

IT FURTHER APPEARING to the undersigned that Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12  shall provide a full accounting and supporting documentation of all sums described in its proof of claim;

IT FURTHER APPEARING to the undersigned that Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 should be and is hereby precluded from filing any amended, modified or supplemental proof of claim in this case; and

IT FURTHER APPEARING to the undersigned that Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____ David Babel, Esq. the attorney for the debtor; and

IT FURTHER APPEARING to the undersigned that Home Loan Services, Inc. as Servicer for Citibank, NA as Trustee for 1st Franklin Mortgage Loan Trust Mortgage Loan Asset-Backed Certificates Series 2005-FF12 be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____to the debtor; and

IT IS THEREFORE SO ORDERED.


_____
Hon. Robert D. Drain
United States Bankruptcy Judge