**Westlaw Delivery Summary Report for NOONEN,JIM**

| | |
|---|---|
| Date/Time of Request: | Wednesday, March 25, 2009 17:23 Central |
| Client Identifier: | JVN |
| Database: | NY-CS |
| Citation Text: | Slip Copy |
| Lines: | 270 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.



Slip Copy    Page 1
Slip Copy, 22 Misc.3d 1120(A), 2009 WL 311364 (N.Y.Sup.), 2009 N.Y. Slip Op. 50197(U)
**(Table, Text in WESTLAW), Unreported Disposition**
 **(Cite as: 2009 WL 311364 (N.Y.Sup.))**

NOTE: THIS OPINION WILL NOT BE PUBLISHED IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER TABLE.

Supreme Court, Kings County, New York.
WELLS FARGO BANK, N.A., as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass-through Certificates, Series 2006-FF15, Plaintiff,
v.
Sem M. SAINT AUBIN, et. al., Defendants.
**No. 37401/07.**

Feb. 10, 2009.

Tracy M. Fourtner, Esq. of Steven J. Baum PC, Buffalo, represented plaintiff.

ARTHUR M. SCHACK, J.

**\*1** In this mortgage foreclosure action, plaintiff's application, upon the default of all defendants, for an order of reference and related relief for the premises located at 2427 Dean Street, Brooklyn, New York (Block 1443, Lot 44, County of Kings) is denied without prejudice, with leave to renew the instant motion, within sixty (60) days of this decision and order, with submission of: (1) an "affidavit of acts," in compliance with the statutory requirements of CPLR § 3215(f), executed by someone who is an officer of plaintiff WELLS FARGO BANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15 (WELLS FARGO) or someone who has a valid power of attorney from WELLS FARGO; (2) an affidavit by an officer of WELLS FARGO satisfactorily explaining why plaintiff WELLS FARGO purchased the instant nonperforming mortgage loan from MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC. (MERS), as nominee for FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK (FIRST FRANKLIN), when the loan was 102 days in arrears; and, (3) an affidavit or affirmation identifying whether the instant mortgage loan, pursuant to L 2008, ch 472, § 3-a is a subprime home loan as defined in Real Property and Actions Proceedings Law § 1304 or is a high-cost home loan as defined in Banking Law § 6-l.

*Background*

Defendant SEM M. SAINT AUBIN (SAINT AUBIN) executed the instant mortgage and note on August 15, 2006 and borrowed $488,000.00 from FIRST FRANKLIN. MERS, as nominee for FIRST FRANKLIN, recorded the instant mortgage and note on September 1, 2006, in the Office of the City Register of the City of New York, City Register File Number (CRFN) 2006000498970. MERS, as nominee for FIRST FRANKLIN, assigned the instant mortgage and note to plaintiff WELLS FARGO, on September 10, 2007. The assignment was recorded on October 19, 2007, in the Office of the City Register of the City of New York, CRFN 2007000531639. Plaintiff commenced the instant action, 29 days subsequent to the assignment, by filing the summons, complaint and notice of pendency with the Office of the Kings County Clerk on October 9, 2007.

Plaintiff's application for an order of reference fails to present an "affidavit made by the party," pursuant to CPLR § 3215(f). The instant application contains an "affidavit of merit and amount due" by Bryan Kusich, who states "[t]hat deponent is the Vice President of HOME LOAN SERVICES, INC., Attorney in Fact for WELLS FARGO BANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15. That a true copy of the Power of Attorney is attached hereto."

Plaintiff's counsel attached to his moving papers a photocopy, not an original, of a "Limited Power of Attorney," dated April 18, 2007, from WELLS FARGO appointing HOME LOAN SERVICES, INC. as its attorney in fact to perform various enumerated services, pursuant to an October 1, 2006 Pooling and Servicing Agreement "relating to the First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass Through Certificates, Series 2006-FF15."Plaintiff's counsel failed to certify that the power of attorney had been compared with the original document and found

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

to be a true and complete copy, pursuant to CPLR § 2105. Plaintiff's counsel also submitted uncertified photocopies of several pages, mostly redacted, of the October 1, 2006 Servicing Agreement for the FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, between the predecessor of HOME LOAN SERVICES, INC., as Servicer, LEHMAN BROTHERS HOLDINGS, INC. [which collapsed with its September 15, 2008 Chapter 11 bankruptcy filing], as Seller, and AURORA LOAN SERVICES, LLC, as Master Servicer. WELLS FARGO is never mentioned in the redacted pages of the servicing agreement presented by plaintiff. If an affidavit of facts is submitted by an attorney in fact, pursuant to a servicing agreement, the Court needs to see either the entire original servicing agreement, or a certified copy, to determine if the attorney in fact is empowered to give an affidavit of facts.

**\*2** Leave is granted to the plaintiff to comply with CPLR § 3215(f) by providing an "affidavit made by the party," whether by an officer of WELLS FARGO or someone with a valid power of attorney from WELLS FARGO.

Further, according to the affidavit of Mr. Kusich and the instant complaint, defendant SAINT AUBIN defaulted in his mortgage loan payments on June 1, 2007. If this is true, why did WELLS FARGO take the assignment of this toxic loan 102 days after the alleged default of defendant SAINT AUBIN? The complaint alleges that defendant SAINT AUBIN owed the mortgagor, from May 1, 2007, $487,524.02 in principal plus 8.15% interest. The complaint also asks for late charges, returned check fees, tax advances, insurance, escrow advances and attorneys' fees. The court needs to know if WELLS FARGO performed due diligence in purchasing this nonperforming loan or whether this was a device for FIRST FRANKLIN to shift its loss to the bondholders of plaintiff's mortgage loan trust, a collateralized debt obligation. Nobel Laureate Paul Krugman, in his July 2, *2007-New York Times* column, "*Just Say AAA,*" in writing about the subprime mortgage crisis, could have been alluding to FIRST FRANKLIN in the instant case:

What do you get when you cross a Mafia don with a bond salesman? A dealer in collateralized debt obligations (C.D.O.'s)-someone who makes you an offer you don't understand. Seriously, it's starting to look as if C.D.O.'s were to this decade's housing bubble what Enron-style accounting was to the stock bubble of the 1990s. Both made investors think they were getting a much better deal than they really were....

Yet the banks making the loans weren't stupid: they passed the buck to other people. Subprime mortgages and other risky loans were securities-that is, banks issued bonds backed by home loans, in effect handing off the risk to the bond buyers.

In principle, securitization should reduce risk: even if a particular loan goes bad, the loss is spread among many investors, none of whom takes a major hit. But with the collapse of the $800 billion market in bonds backed by subprime mortgages-the price of a basket of these bonds has lost almost 40 percent of its value since January [2007]-it's now clear that many investors who bought these securities didn't realize what they were getting into ...

Now we're looking at huge losses to investors who thought they were playing it safe ... But apparently not. And the housing bubble, like the stock bubble before it, is claiming a growing number of innocent victims.

Last, the Court needs an affidavit or affirmation from plaintiff's counsel identifying whether the instant mortgage loan, pursuant to L 2008, ch 472, § 3-a is a subprime home loan as defined in Real Property and Actions Proceedings Law § 1304 or is a high-cost home loan as defined in Banking Law § 6-l.

*Discussion*

Real Property Actions and Proceedings Law (RPAPL) § 1321 allows the Court in aforeclosure action, upon the default of the defendant or defendant's admission of mortgage payment arrears, to appoint a referee "to compute the amount due to the plaintiff." In the instant action, plaintiff's application for an order of reference is a preliminary step to obtaining a default judgment of foreclosure and sale. ( *Home Sav. Of Am., F.A. v. Gkanios,* 230 A.D.2d 770 [2d Dept 1996] ).

**\*3** Plaintiff has failed to meet the clear requirements of CPLR § 3215(f) for a default judgment.

***On any application for judgment by default, the applicant shall file*** proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316 of this chapter, and ***proof of the facts constituting the claim, the default and the amount due by affidavit made by the party***... Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney. [***Emphasis added***].

Plaintiff has failed to submit "proof of the facts" in "an affidavit made by the party."The "affidavit of merit and amount due" submitted by Bryan Kusich, Vice President of Home Loan Services, Inc. fails to have a valid power of attorney for that express purpose. Additionally, if a valid power of attorney is presented to this Court and it refers to a servicing agreement, the Court needs a properly offered copy of the servicing agreements, to determine if the servicing agent may proceed on behalf of plaintiff. ( *Finnegan v. Sheahan,* 269 A.D.2d 491 [2d Dept 2000]; *Hazim v. Winter,* 234 A.D.2d 422 [2d Dept 1996]; *EMC Mortg. Corp. v. Batista,* 15 Misc.3d 1143(A), [Sup Ct, Kings County 2007]; *Deutsche Bank Nat. Trust Co. v. Lewis,* 14 Misc.3d 1201(A) [Sup Ct, Suffolk County 2006] ).

Further, if plaintiff's counsel submits copies of documents, such as a power of attorney or a servicing agreement, counsel must comply with CPLR § 2105, which states that "[w]here a certified copy of a paper is required by law, an attorney may certify that it has been compared by him with the original and found to be a true and complete copy."Thus, plaintiff's counsel can certify the genuineness of a copy of a document. CPLR § 2105 states that "an attorney admitted to practice in the court of the state may certify that it has been compared by him with the original and found to be a true and complete copy."(*See Security Pacific Nat. Trust Co. v. Cuevas,* 176 Misc.2d 846 [Civ Ct, Kings County 1998] ).

Also, the instant application upon defendants' default must be denied because even though it contains a verified complaint, the attorney's verification is insufficient to meet the requirements of CPLR § 3215(f). The Court, in *Mullins v. Di Lorenzo,* 199 A.D.2d 218 [1st Dept 1993], instructed that "a complaint verified by counsel amounts to no more than an attorney's affidavit and is therefore insufficient to support entry of judgment pursuant to CPLR 3215."Citing *Mullins v. Di Lorenzo,* the Court, in *Feffer v. Malpeso,* 210 A.D.2d 60, 61 [1st Dept 1994], held that a complaint with not more than an attorney's affidavit, for purposes of entering a default judgment "was erroneous and must be deemed a nullity."Professor David Siegel, in his Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR C3215: 16) explains that *Mullins v. Di Lorenzo*

**\*4** is in point here. Perhaps **the verified complaint** can do service as an affidavit for various purposes within the litigation while the contest is on ... but it ***will not suffice to put an end to the contest with as drastic a step as a default at the outset.***It must be kept in mind that even an outright "affidavit" by the plaintiff's attorney on the merits of the case-except in the relatively rare circumstances in which the attorney happens to have first-hand knowledge of the facts-lacks probative force and is usually deemed inadequate by the courts to establish the merits. A fortiori, a verified pleading tendered as proof of the merits would also lack probative force when the verification is the attorney's. [***Emphasis added***]

In *Blam v. Netcher,* 17 AD3d 495, 496 [2d Dept 2005], the Court reversed a default judgment granted in Supreme Court, Nassau County, holding that:
In support of her motion for leave to enter judgment against the defendant upon her default in answering, the plaintiff failed to proffer either an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts (*see*CPLR 3215(f): *Goodman v. New York City Health & Hosps. Corp.* 2 AD3d 581 [2d Dept 2003]; *Drake v. Drake,* 296 A.D.2d 566 [2d Dept 2002]; *Parratta v. McAllister,* 283 A.D.2d 625 [2d Dept 2001] ). Accordingly, the plaintiff's motion should have been denied, with leave to renew on proper papers (*see Henriquez v. Purins,* 245 A.D.2d 337, 338 [2d Dept 1997] ).

(*See Hazim v. Winter,* 234 A.D.2d 422 [2d Dept 1996]; *Finnegan v. Sheahan,* 269 A.D.2d 491 [2d Dept 2000]; *De Vivo v. Spargo,* 287 A.D.2d 535 [2d Dept 2001]; *Peniston v. Epstein,* 10 AD3d 450 [2d Dept 2004]; *Taebong Choi v. JKS Dry Cleaning Eqip. Corp.,* 15 AD3d 566 [2d Dept 2005]; *Matone v. Sycamore Realty Corp.,* 31 AD3d 721 [2d Dept 2006]; *Crimmins v. Sagona Landscaping, Ltd.,* 33 AD3d 580

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

[2d Dept 2006] ).

In addition, the Court requires an explanation from an officer of plaintiff WELLS FARGO explaining why, in the midst of our national subprime mortgage financial crisis, plaintiff WELLS FARGO purchased from MERS, as nominee for FIRST FRANKLIN, a nonperforming loan. Could it be that WELLS FARGO and FIRST FRANKLIN desired to assign to the bondholders of plaintiff's C.D.O. a nonperforming loan of almost $500,000.00, rather than keep it on FIRST FRANKLIN's books?

Therefore, plaintiff's instant application for an order of reference and related relief is denied without prejudice, with leave to renew the instant motion, within sixty (60) days of this decision and order, with submission of: an affidavit of facts by an officer of WELLS FARGO, or someone with a valid power of attorney from WELLS FARGO, possessing personal knowledge of the facts; an affidavit by an officer of WELLS FARGO explaining why it took an assignment of a nonperforming loan; and, an affidavit or affirmation from plaintiff's counsel identifying whether the instant mortgage loan, pursuant to L 2008, ch 472, § 3-a is a subprime home loan as defined in Real Property and Actions Proceedings Law § 1304 or is a high-cost home loan as defined in [Banking Law § 6-l](#).

### *Conclusion*

**\*5** Accordingly, it is

ORDERED, that the application of plaintiff, WELLS FARGO BANK, N.A ., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, for an order of reference and related relief for the premises located at 2427 Dean Street, Brooklyn, New York (Block 1443, Lot 44, County of Kings) is denied without prejudice; and it is further

ORDERED, that leave is granted to plaintiff, WELLS FARGO BANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, to renew its application for an order of reference and related relief for the premises located at 2427 Dean Street, Brooklyn, New York (Block 1443, Lot 44, County of Kings), within sixty (60) days of this decision and order, provided that plaintiff, WELLS FARGO BANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, submits to the Court:

(1) compliance with the statutory requirements of [CPLR § 3215](#)(f), with an affidavit of facts by someone with authority to execute such an affidavit or possessing a valid power of attorney to execute an affidavit of facts;

(2) an affidavit from an officer of plaintiff, WELLS FARGO BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, explaining why plaintiff took the September 10, 2007 assignment of the instant nonperforming loan, 102 days in arrears, from MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., as nominee for FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; and,

(3) an affidavit or affirmation identifying whether the instant mortgage loan, pursuant to L 2008, ch 472, § 3-a is a subprime home loan as defined in Real Property and Actions Proceedings Law § 1304 or is a high-cost home loan as defined in [Banking Law § 6-l](#).

This constitutes the Decision and Order of the Court.

N.Y.Sup.,2009.
Wells Fargo Bank, N.A. v. Saint Aubin
Slip Copy, 22 Misc.3d 1120(A), 2009 WL 311364 (N.Y.Sup.), 2009 N.Y. Slip Op. 50197(U)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.